Michael A. Rollin (State Bar No. 251557)
REILLY POZNER LLP
515 S. Flower Street, 36th Floor
Los Angeles, CA 90071
Telephone: (213) 236-3576
Facsimile: (213) 236-3570
mrollin@rplaw.com

Kyle C. Velte *(admitted Pro Hac Vice)*
Caleb Durling *(admitted Pro Hac Vice)*
Marisa Hudson-Arney *(admitted Pro Hac Vice)*
REILLY POZNER LLP
511 Sixteenth Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 893-6100
Facsimile: (303) 893-6110
kvelte@rplaw.com
cdurling@rplaw.com
mhudsonarney@rplaw.com

Attorneys for Plaintiff LEHMAN BROTHERS HOLDINGS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LEHMAN BROTHERS HOLDINGS, INC, <br><br> Plaintiff, <br><br> vs. <br><br> CMG MORTGAGE, INC., <br><br> Defendants. | CASE NO. 3:10-cv-00402-SC <br><br><br><br><br> **MOTION FOR EXTENSION OF DISCOVERY CUT-OFF** |

Plaintiff Lehman Brothers Holdings, Inc. ("LBHI") Plaintiff LEHMAN BROTHERS HOLDINGS, INC., by and through its attorneys of record, hereby

1

moves, pursuant to L.R. 16-2(d), for a 3-week extension of the discovery cut-off and in support thereof state as follows:

1. LBHI has filed, contemporaneously with this Motion, a Motion to Shorten Time for Defendant CMG Mortgage, Inc. ("CMG") to respond to this Motion. As a result, undersigned counsel does not yet know the date and time of hearing on this Motion.

2. LBHI seeks an extension of the discovery cut-off, which is currently set for January 28, 2011, until February 18, 2011.

3. The Parties have been engaged in ongoing settlement discussions, including a Court-ordered mediation, since August, 2010. In November, 2010, it became clear that this matter would not be resolved through a settlement. At that time, the Parties continued with discovery in this matter.

4. The discovery cut-off is currently set for January 28, 2011. Trial is set for March 28, 2011.

5. LBHI requires an additional three weeks for discovery to complete the depositions of borrowers and other witnesses in order to fully develop the factual record in this case. Without the development of that record, the parties will be unable to engage in further settlement talks and will be unable to properly prepare for trial. Moreover, judicial efficiency will be harmed without a revised scheduling order because the parties will not be adequately prepared to proceed to trial.

6. LBHI has discussed with counsel for CMG the relief requested in this Motion, as follows:

    a. Once settlement negotiations broke down, LBHI began serving witnesses—the borrowers who took out the loans that are the subject of this suit—with deposition subpoenas. As of the date of this filing, LBHI has properly noticed six (6) depositions of borrowers, all of which are set before the current discovery cut-off of January 28, 2011.

LBHI is currently attempting to serve eight (8) additional borrowers with subpoenas, but it is unlikely that service will be successful on all of those eight (8) borrowers in time to properly notice their depositions before the current January 28, 2011 discovery cut-off.

    b. Counsel for CMG previously expressed a desire to extend the deadlines in this case, but conditioned his agreement to extend the deadlines on LBHI's agreement to vacate all depositions currently set for January 2011.

    c. Counsel for LBHI agreed that, if counsel for CMG would agree to extend all of the deadlines in this case, that LBHI would re-set the depositions currently set for the week of January 10, 2011.  However, LBHI would not agree to re-set the depositions currently set for the weeks of January 17 and January 24, 2011 because LBHI believes that conducting this discovery will facilitate a faster resolution of this case. Counsel for LBHI did, however, offer to re-set the depositions currently set for the weeks of January 17 and January 24, 2011 on different days in January 2011 that would be convenient for CMG's counsel's schedule.

    d. In correspondence dated January 6, 2011, counsel for CMG stated: "While the proposed dates [in LBHI's draft "Stipulation for Revised Scheduling Order"] are acceptable, the requirement to keep on calendar the depositions noticed for the weeks of January 17 and January 24 is not.  Therefore, we will not agree to extend any discovery deadline under the conditions proposed in your latest email." Ex. A.

7. As a result of the protracted, but unsuccessful, settlement negotiations, the parties require an extension of time to complete discovery.  Based upon the

3

**MOTION FOR EXTENSION OF DISCOVERY CUT-OFF**

496642

foregoing, Plaintiff requests that the Court extend the discovery cut-off until February 18, 2011. LBHI does not request an extension of any other deadline.

8. In addition, the number of loans at issue in this case (16), warrants additional depositions in excess of the presumptive limits. LBHI thus requests that the Court permit a total of 18 fact depositions.

9. A proposed revised case management schedule is attached.

DATED: January 7, 2011.          REILLY POZNER LLP


                        s/ Kyle C. Velte
Michael A. Rollin
Kyle C. Velte *(admitted pro hac vice)*
Attorneys for Plaintiff
LEHMAN BROTHERS HOLDINGS, INC.

4

**MOTION FOR EXTENSION OF DISCOVERY CUT-OFF**

496642

# PROOF OF SERVICE

## STATE OF COLORADO, COUNTY OF DENVER:

I am employed in the aforesaid county, State of Colorado; I am over the age of 18 years and not a party to the within action; my business address is **511 Sixteenth Street, Suite 700, Denver, Colorado 80202.**

On the below date, I served copies of the interested parties in this action by placing the true copy of the **MOTION FOR EXTENSION OF DISCOVERY CUT-OFF** was served as indicated below and addressed as follows:

> James W. Brody, Esq.
> American Mortgage Law Group, P.C.
> 75 Rowland Way, Ste. 350
> Novato, CA 94945

☒ (BY ELECTRONIC SERVICE VIA CM/ECF SYSTEM)
In accordance with the electronic filing procedures of this Court, service has been effected on the aforesaid party(s) above, whose counsel of record is a registered participant of CM/ECF, via electronic service through the CM/ECF system.

☐ (BY ELECTRONIC MAIL)
On the below date prior to 5:00 p.m. PST, I transmitted the foregoing document(s) by electronic mail, and the transmission was reported as complete and without error. A true and correct copy of the electronic transmission is attached to this declaration. This method of service was made pursuant to the agreement of counsel.

☐ (BY PERSONAL SERVICE)
I caused to be delivered such envelope by hand to the addressee noted above. Executed on **the below date**, at Denver, Colorado.

☒    (FEDERAL)    I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 7, 2011 at Denver, Colorado.

*s/ Meranda Vieyra-Blass*
Meranda Vieyra-Blass

**Reilly Pozner LLP**
**Denver-Los Angeles**

1

**PROOF OF SERVICE**

496642