IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| LEHMAN BROTHERS HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CMG MORTGAGE, INC., <br><br> Defendant. | No. CV 10-0402 SC (NJV) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO SHORTEN TIME AND INCREASE THE NUMBER OF DEPOSITIONS**  (Docket No. 32) |

This is an action for breach of contract and breach of warranty arising out of the sale of mortgage loans by Defendant CMG Mortgage, Inc. to Plaintiff Lehman Brothers Holdings, Inc. On January 7, 2011, Plaintiff moved to extend the deadline to complete discovery from January 28, 2011 to February 18, 2011, and to increase the number of depositions permitted to eighteen (18) depositions.[1] Doc. No. 32. The district court has referred Plaintiff's motion to this Court for determination, as well as all future discovery matters. Doc. No. 41. Having considered the arguments of the parties and the papers filed by the parties, the Court GRANTS Plaintiff's motion to extend the discovery deadline and GRANTS IN PART and DENIES IN PART Plaintiff's request to increase the number of depositions.

**I. DISCUSSION**

Under the district court's status conference order dated May 7, 2010, all discovery including depositions is to be completed by January 28, 2011. Doc. No. 25. The last hearing date for motions is February 18, 2011 and trial is set for March 28, 2011. *Id*.

---

[1] Plaintiff simultaneously moved to shorten the time for Defendant's response to its motion to extend the discovery deadline, which was rendered moot by the filing of Defendant's opposition on January 12, 2011. Doc. Nos. 33 & 37.

1  On January 7, 2011, Plaintiff filed its motion to extend the discovery deadline by three weeks
2  from January 28, 2011 to February 18, 2011, and to increase the number of depositions from ten (10)
3  to eighteen (18). Defendant filed its opposition and Plaintiff has filed its reply. Doc. Nos. 37 & 39.
4  The Court heard oral argument on the motion on January 20, 2011.

**A.   Discovery Deadline**

"The district court is given broad discretion in supervising the pretrial phase of litigation." *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992)). The court may modify the discovery deadline only for good cause. Fed. R. Civ. P. 16(b)(4); *Zivkovic*, 302 F.3d at 1087.

Plaintiff moves to extend the discovery deadline by three weeks from January 28, 2011 to February 18, 2011.[2] Plaintiff expressly states that it does not request changing any other dates set in this case. Defendant's claim that Plaintiff "did nothing" for eleven months is incorrect. *See* Reply; Decl. of Kyle C. Velte (Doc. No. 39-1). On the contrary, the parties were engaged in protracted settlement negotiations from June through October 2010, which is the basis for Plaintiff's request to extend the discovery deadline. A review of the papers submitted, included written communication between counsel, reveals that Defendant requested postponing discovery while settlement discussions were underway, requested postponing mediation and settlement discussions, and raised the possibility of filing a stay in this action. *See* Velte Decl., Exs. A-C, H, J, L, & M. Defendant also indicated that whether it filed for bankruptcy depended in part on whether a settlement was reached in this matter. *See id*. at Exs. G, H & K. Based on the protracted settlement negotiations in which both parties were actively involved and the fact that no other deadlines, including the trial date, will be affected, Plaintiff has established good cause to extend the discovery deadline. Therefore, the Court grants this portion of Plaintiff's motion to extend the discovery deadline by three weeks from January 28, 2011 to February 18, 2011, limited to the taking of depositions. This extension does not affect any other deadlines or dates set in this case.

---

[2] Plaintiff's underlying motion to extend the discovery deadline and increase the number of depositions failed to follow the requirement under the local rules that factual contentions be supported by an affidavit or declaration. *See* Civil L.R. 7-2(d) and 7-5. The Court excuses Plaintiff's failure where Plaintiff submitted a declaration supporting its factual contentions with its reply. In the future, such errors will not be excused.

2

**B.     Number of Depositions**

Under Federal Rule of Civil Procedure 30(a), a party may take ten (10) depositions without leave of court. The court may alter the limit on the number of depositions provided under Rule 30. Fed. R. Civ. P. 26(b)(2)(A) & 30(a)(2)(A)(I). "Leave to take additional depositions should be granted when consistent with the principles of Rule 26(b)(2)." Fed. R. Civ. P. 30(a) advisory committee's note (1993 Amendment). Thus, the court considers whether the discovery sought is cumulative or duplicative, or can better be obtained from some another source; whether the party seeking discovery has had ample opportunity to obtain the information by discovery in this action; and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C).

Plaintiff moves to increase the number of depositions from ten (10) to eighteen (18) because "the number of loans at issue in this case (16), warrants additional depositions in excess of the presumptive limits." Mot. at ¶ 8. During the hearing, Plaintiff clarified that the eighteen depositions are comprised of thirteen (13) individual borrowers and five (5) current or former employees of Defendant CMG. Plaintiff conceded that the information to identify the borrower deponents has been in Plaintiff's possession since the filing of its Complaint in January 2010. Defendant states that the additional borrower depositions will be burdensome due to the additional expense and possible cross country travel. Therefore, under the principles of Rule 26(b)(2), the Court denies Plaintiff's request for additional borrower depositions in excess of the presumptive limit of ten depositions because Plaintiff had ample opportunity to request an increase in the number of depositions for the borrower deponents and due to the burden and expense to Defendant.

Unlike the individual borrowers, Plaintiff did not learn the identity of three Defendant CMG employee deponents until after receiving Defendant's written discovery responses on or about December 6, 2010. In response to this Court's question, Defendant indicated that the depositions of CMG's current or former employees are "not that burdensome" for Defendant. Therefore, under the principles of Rule 26(b)(2), Plaintiff may take three (3) additional depositions of current or former employees of Defendant CMG to increase the number of permitted depositions from ten (10) to thirteen (13). Plaintiff does not assert that it lacked knowledge regarding the two remaining

3

Defendant CMG deponents to notice such depositions or account for such depositions within its limit of ten depositions. The Court notes that "[a] deposition under Rule 30(b)(6) should, for purposes of th[e] limit [on the number of depositions], be treated as a single deposition even though more than one person may be designated to testify." Fed. R. Civ. P. 30(a) advisory committee's note (1993 Amendment). The Court encourages the parties to meet and confer to identify Defendant CMG deponents with the goal of minimizing duplicative testimony.

Plaintiff also argues that Defendant is estopped from objecting to its request for additional depositions based on defense counsel's December 23, 2010 verbal statement that "he did not oppose the idea of expanding the number of depositions in this case." Reply at 10. Plaintiff is incorrect. Defendant's statement during meet and confer negotiations before an agreement has been reached and a stipulation filed does not estop Defendant's later opposition to expanding the number of depositions. In addition, Defendant clarified during the hearing that its non-opposition was related to noticing depositions for twenty (20) new loans that are not at issue in the present action, which Plaintiff did not contest and which Plaintiff has decided to file in a separate action.

## II. CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiff's motion to extend the discovery deadline by three weeks from January 28, 2011 to February 18, 2011, limited to the taking of depositions. All other deadlines outlined in the district court's status conference order remain unchanged, including the March 28, 2011 trial date. The Court GRANTS IN PART and DENIES IN PART Plaintiff's request to increase the number of depositions. Plaintiff may take three (3) additional depositions of current or former employees of Defendant CMG to increase its total number of permitted depositions from ten (10) to thirteen (13) depositions.

Dated: January 21, 2011

NANDOR J. VADAS
United States Magistrate Judge